**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ELI APPLEBAUM, as an individual, | Case No.: 2:24-cv-000603-MMD-EJY |
| Plaintiff, | |
| v. | |
| GERALD BARAD, an individual; ABS MAGIC ENTERPRISE, LLC, a Nevada limited liability company; and DOES 1 through 50, and ROES 1 through X, inclusive; | ***and related case*** |
| Defendants. | |
| ELI APPLEBAUM, as an individual, | Case No.: 2:24-cv-000605-MMD-EJY |
| Plaintiff, | **ORDER GRANTING JOINT STIPULATION AND [Proposed] ORDER TO STAY RELATED MATTERS** |
| v. | |
| GERALD BARAD, an individual; ABS SILVERADO ENTERPRISE, LLC, a Nevada limited liability company; and DOES 1 through 50, and ROES 1 through X, inclusive; | |
| Defendants. | |

Plaintiff Eli Applebaum and Defendant Gerald Barad (collectively, the "Parties"), by and through their undersigned counsel, hereby enter into the following stipulation and respectfully submit the following proposed order.

**WHEREAS**:

i.      On February 9, 2024, Plaintiff Applebaum filed an action in Eighth Judicial District Court, Clark County, Nevada (the "Eighth Judicial District Court"), under the title *Eli Applebaum v. Gerald Barad, ABS Magic Enterprise, LLC, et al.*, No. A-24-886873-B (the "ABS Magic Action");

ii.      On February 29, 2024, Plaintiff filed an action in the Eighth Judicial District Court under the title *Eli Applebaum v. Gerald Barad, ABS Silverado Enterprise, LLC, et al.*, No. A-24-888159-B (the "ABS Silverado Action") (collectively, with the ABS Magic Action, the "Related Actions");

iii.      On March 27, 2024, Defendant Barad removed the Related Actions to this Court;

158274088.1

iv. On April 26, 2024, Plaintiff filed motions to remand the Related Actions to the Eighth Judicial District Court (the "Motions to Remand"), to which Defendant Barad's opposition papers are due on or before May 10, 2024, and to which Plaintiff's reply papers are due on or before May 17, 2024;

v. On April 30, 2024, the Court entered the Reassignment Order in the Related Actions, reassigning the ABS Silverado Action to Chief District Judge Miranda M. Du and Magistrate Judge Elayna J. Youchah;

vi. Plaintiff and Defendant Barad are also parties to the matter of *NYLV Investors, LLC v. Applebaum*, et al., Index No. 656618/2022, currently pending in the Supreme Court of the State of New York, County of New York (the "New York Action")

**WHEREAS**:

vii. Both the Related Actions and the New York action arise from a wider dispute between two business partners, Plaintiff Applebaum, a resident of Nevada, and Defendant Barad, a resident of New York. (*Compare* ABS Silverado Compl. ¶¶ 1-2, 7 *with* ABS Magic Compl. ¶¶ 1-2, 7);

viii. In the Related Actions, Plaintiff seeks declaratory relief dissolving companies in which he and Barad both own membership interests: ABS Magic Enterprise, LLC ("ABS Magic") and ABS Silverado Enterprise, LLC ("ABS Silverado"). (*Compare* ABS Magic Compl. ¶¶ 1-2, 30 *with* ABS Silverado Compl. ¶¶ 1-2, 37). Plaintiff and Defendant are the only members of each company, with both owning 50% of each company. (*Compare* ABS Magic Compl. ¶¶ 1-2 *with* ABS Silverado Compl. ¶¶ 1-2);

ix. Each of the Related Actions seek, inter alia, declaratory relief directing the sale of the assets of those two companies and distribution of the proceeds of those sales in accordance with their respective operating agreements. (*Compare* ABS Magic Compl. ¶ 30 *with* ABS Silverado Compl. ¶ 37). Those properties are:

/ / /

/ / /

/ / /

2

158274088.1

a.    In the ABS Magic Action, the property in Clark County, Nevada identified as APN 179-28-721-002 (the "ABS Magic Property"), owned by ABS Magic (*see* ABS Magic Compl. ¶ 12);

b.    In the ABS Silverado Action, the property in Clark County, Nevada identified as APN 178-10-515-003 (the "ABS Silverado Property"), owned by BA Gibson Development, LLC ("BA Gibson"), an entity in which ABS Silverado is the sole member and manager (*see* ABS Silverado Compl. ¶¶ 18-19); and

**WHEREAS**,

x.    On or about April 15, 2024, BA Gibson, through Plaintiff Applebaum, received a bona fide offer from a non-party buyer for the purchase of the ABS Silverado Property;

xi.    Should that proposed transaction proceed to closing, ABS Silverado's most significant asset – the ABS Silverado Property – will have been disposed, thereby rendering much of the ABS Silverado Action moot;

xii.    Separately, Plaintiff and Defendant Barad have been engaged in negotiations for a global resolution of their dispute, which – if agreed to and consummated – would likely dispose of the remainder of the ABS Silverado Action, the ABS Magic Action, and the New York action; and

**WHEREAS**, the Parties have agreed to seek a stay of all proceedings in both of the Related Actions for a period of thirty (30) days pending the potential transfer of the ABS Silverado Property and continued settlement negotiations between the Parties; and

**WHEREAS**, the Parties respectfully submit that a thirty-day stay of the Related Actions will not prejudice either party; will streamline the issues before the Court and save substantial judicial resources should the proposed purchase of the ABS Silverado Property close or should the Parties agree to a global resolution of their dispute; will promote the objectives of Rule 1 to ensure a just, speedy, and inexpensive determination of every action, *see, e.g., Long v. Gamo Outdoor S.L.U.*, No. 2:22-cv-00670-JAD-DJA, 2022 WL 2819662, at *2 (D. Nev. July 18, 2022); and that good cause therefore exists for a stay of proceedings;

158274088.1

**IT IS HEREBY STIPULATED** by and between the Parties, subject to the approval of the Court, that:

1.      The Related Actions are hereby stayed;

2.      The stay of proceedings in each of the Related Actions shall be terminated without further order of Court upon the expiration of thirty (30) days from the date on which the Court endorses this stipulation, unless the expiration of that period occurs on a Saturday, Sunday, or legal holiday, upon which the stay shall terminate on the next day that is not a Saturday, Sunday, or legal holiday;

3.      Except as further ordered by the Court, (i) the deadline for Defendant Barad to file and serve any papers in response to the Motions to Remand shall be seven (7) days after termination of the stay, and (ii) the deadline for Plaintiff to file and serve any reply papers in further support of the Motions to Remand shall be seven (7) days after service of Defendant Barad's response;

4.      Except as further ordered by the Court, the deadline for the Parties to submit a discovery plan and scheduling order pursuant to Local Rule 26-1 for each of the Related Actions shall be adjourned until the Court disposes of the Motions to Remand.  In the event that the Court

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

4

denies the Motions to Remand, the deadline for the parties to submit that discovery plan and

scheduling order shall be twenty-one (21) days after the date of that order.

Dated this 8th day of May 2024.

Respectfully submitted,

**KEMP JONES, LLP**

*/s/ Spencer H. Gunnerson*
SPENCER H. GUNNERSON (8810)
MADISON S. FLORANCE (14229)
3800 Howard Hughes Parkway, 17th Floor
Las Vegas, Nevada 89169
(702) 385-6000 Tel
(702) 385-6001 Fax
s.gunnerson@kempjones.com
m.florance@kempjones.com

*Attorneys for Plaintiff Eli Applebaum*

**FOX ROTHSCHILD LLP**

*/s/ Colleen McCarty*
MARK J. CONNOT (10010)
COLLEEN E. MCCARTY (13186)
1980 Festival Plaza Drive, #700
Las Vegas, Nevada 89135
(702) 262-6899 Tel
(702) 597-5503 Fax
mconnot@foxrothschild.com
cmccarty@foxrothschild.com

*Attorneys for Defendant Gerald Barad*

**SO ORDERED** this 9th day of May 2024.

_____
Miranda M. Du, Chief District Judge
UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

158274088.1

## CERTIFICATE OF SERVICE

Pursuant to Rule 5(b) of the Federal Rules of Civil Procedure, I certify that I am an employee of Fox Rothschild LLP, and that on the 8th day of May 2024, I caused a copy of the foregoing document entitled **JOINT STIPULATION AND [Proposed] ORDER TO STAY RELATED MATTERS** to be served via electronic transmission via the Court's CM/ECF filing system.

*/s/ Deborah Pressley*
An Employee of Fox Rothschild LLP

158274088.1